IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLENE BELLANTE, | ) | |
| | ) | 2:05-cv-00948-GEB-PAN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STATUS (PRETRIAL |
| | ) | SCHEDULING) ORDER |
| CATAMOUNT BROADCASTING CHICO- | ) | |
| REDDING, INC., CATAMOUNT BROAD- | ) | |
| CASTING GROUP, LLC., CATAMOUNT | ) | |
| HOLDINGS, LLC., BECKER TELEVISION, | ) | |
| INC., RALPH BECKER, individually,[1] | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

---

[1]     The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

1

1    The status (pretrial scheduling) conference scheduled in
2    this case for August 22, 2005, is vacated since the joint status
3    report submitted by the parties obviates the need for the conference.
4    The following Order issues based on the parties' joint status report
5    and available dates.

6                        DISMISSAL OF DOE DEFENDANTS

7    Since Plaintiff has not justified Doe defendants remaining
8    in this action, Does 1-20 are dismissed.  See Order Setting Status
9    (Pretrial Scheduling) Conference filed May 13, 2005, at 2 n.2
10   (indicating that if Plaintiff failed to set forth in the Joint Status
11   Report a date by when the identities of any "Doe" defendants are
12   expected to be discovered, the claims against Doe defendants would be
13   deemed abandoned and a dismissal order would follow).

14                        SERVICE OF PROCESS

15   All defendants have been served and no further service is
16   permitted, except with leave of Court, good cause having been shown.

17              JOINDER OF ADDITIONAL PARTIES/AMENDMENT

18   No further joinder of parties or amendments to pleadings is
19   permitted except with leave of Court, good cause having been shown.

20                             DISCOVERY

21   (a)  All discovery shall be completed by September 27, 2006.
22   In this context, "completed" means that all discovery shall have been
23   conducted so that all depositions have been taken and any disputes
24   relative to discovery shall have been resolved by appropriate orders,
25   if necessary, and, where discovery has been ordered, the order has
26
27
28

1  been complied with or, alternatively, the time allowed for such

2  compliance shall have expired.[2]

3           (b)   Each party shall comply with Federal Rule of Civil

4  Procedure 26(a)(2)'s initial expert witness disclosure and report

5  requirements on or before March 27, 2006, and with the rebuttal expert

6  disclosures authorized under the Rule on or before April 27, 2006.

7                       MOTION HEARING SCHEDULE

8           The last hearing date for motions shall be November 27,

9  2006, at 9:00 a.m.[3]

10          All purely legal issues are to be resolved by timely

11 pretrial motions.  Motions shall be filed in accordance with Local

12 Rule 78-230(b).  Opposition papers shall be filed in accordance with

13 Local Rule 78-230(c).  Failure to comply with this local rule may be

14 deemed consent to the motion and the Court may dispose of the motion

15 summarily.  Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).

16 Further, failure to timely oppose a summary judgment motion may result

17 in the granting of that motion if the movant shifts the burden to the

18 nonmovant to demonstrate a genuine issue of material fact remains for

19 trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).  When the

20 last day for filing an opposition brief falls on a legal holiday, the

21

22

-----

23          [2]   The parties are advised that the Magistrate Judges in the

24 Eastern District are responsible for resolving discovery disputes.  See
   Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all

25 discovery-related matters to the Magistrate Judge assigned to this case.
   A party conducting discovery near the discovery "completion" date runs

26 the risk of losing the opportunity to have a jurist resolve discovery
   motions pursuant to the Local Rules.

27          [3]   This time deadline does not apply to motions for continuances,

28 temporary restraining orders, emergency applications, or motions under
   Rule 16(e) of the Federal Rules of Civil Procedure.

opposition brief shall be filed on the next court day immediately following the legal holiday.  See Fed. R. Civ. P. 6(a).

Any party bringing a motion to dismiss, motion for summary judgment or summary adjudication, motion for judgment on the pleadings, or motion to remand shall attach to the motion a copy of the latest complaint (or cross-complaint where applicable).

In determining any motion for summary judgment, the Court will assume that the material facts as claimed in the movant's Statement of Undisputed Facts and adequately supported by evidence are admitted without controversy except to the extent that such material facts are (1) disputed in the nonmovant's response to the movant's Statement of Undisputed Facts, and (2) controverted by declaration or other written evidence filed in opposition to the motion.  See L.R. 56-260(b); Nilsson, Robbins, et al., v. La. Hydrolec, 854 F.2d 1538, 1545 (9th Cir. 1988).  A party opposing a motion for summary judgment must serve upon all parties and file with the Clerk of Court the evidence upon which the opposing party will rely in opposition to the motion in accordance with Local Rule 78-230(c).  Evidence not timely filed by a party will not be considered.  See Marshall v. Gates, 44 F.3d at 725.

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law.

4

A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence and are cautioned that the Court will look with disfavor upon motions[4] presented at the final pretrial conference or at trial in the guise of motions in limine.  The parties are further cautioned that if any legal issue which should have been tendered to the Court by proper pretrial motion requires resolution by the Court after the established law and motion cut-off date, substantial sanctions may be assessed for the failure to file the appropriate pretrial motion and/or the Court may elect not to decide the motion and to treat it as untimely.  See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir. 1985) (affirming district court's denial of untimely motion since "pretrial order controls the subsequent course of action unless modified by a subsequent order"), rejected on other grounds, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1995); Dedge v. Kendrick, 849 F.2d 1398 (11th Cir. 1988) (same).

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for January 29, 2007, at 1:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial

---

[4]     Such motions include contentions under the collateral estoppel or res judicata doctrines.

conference.  In addition, all persons representing themselves and

appearing in propria persona must attend the pretrial conference.

        The parties shall file a JOINT pretrial statement with the

Court not later than seven (7) days prior to the final pretrial

conference.[5]  The Court uses the parties' joint pretrial statement to

prepare its final pretrial order.  The final pretrial order supersedes

the pleadings and controls the facts and issues which may be presented

at trial.  Issues asserted in pleadings which are not preserved for

trial in the final pretrial order cannot be raised at trial.  Hotel

Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th

Cir. 1987) ("Issues not preserved in the pretrial order are eliminated

from the action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550,

554 (5th Cir. 1992) (indicating that an issue omitted from the

pretrial order is waived, even if it appeared in the pleading); cf.

Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C. 1995)

(refusing to modify the pretrial order to allow assertion of a

previously-pled statute of limitations defense); Olympia Co. v.

Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that

"[a]ny factual contention, legal contention, any claim for relief or

defense in whole or in part, or affirmative matter not set forth in

[the pretrial statement] shall be deemed . . . withdrawn,

notwithstanding the contentions of any pleadings or other papers

previously filed [in the action]").

---

[5]     The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
does not excuse the other parties from their obligation to timely file
the document in accordance with this Order.  In the event a party fails
to participate as ordered, the party or parties timely submitting the
document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

1       The following provisions of Local Rule 16-281 shall apply

2   with respect to the matters to be included in the joint pretrial

3   statement:  (b)(1), (b)(2),[6] (b)(3), (b)(5), (b)(9), (b)(10),

4   (b)(11),[7] (b)(12) to and including (b)(21), and (c).

5       The subject matter in Local Rule 16-281(b)(4), (b)(7), and

6   (b)(8) shall be combined in a single section titled "Factual, Legal

7   and/or Equitable Contentions."[8]  In the "Factual, Legal and/or

8   Equitable Contentions" section, the parties shall number or

9   alphabetize each individually-pled cause of action and pled

10  affirmative defense to preserve the issue for trial.  **Each pled claim**

11  **or affirmative defense must be accompanied by the elemental facts**

12  **supporting it and the relief sought, if applicable.  For  example:**

13  **Plaintiff claims that Defendant violated her Fourth Amendment right to**

14  **be free from excessive force by applying the handcuffs too tight and**

15  **seeks general damages.**  If the parties disagree about the inclusion of

16  an issue in this section, that issue shall be followed by the title

17  _____

18      [6]   In this section of the joint pretrial statement the parties must specify what the judge is expected to decide and what the jury is

19  expected to decide.  For instance, if the judge is expected to make a ruling after the jury decides factual disputes, the factual issues to be

20  submitted to the jury shall be specified.

21      [7]   In separate attachments to the joint pretrial statement each party shall list all witnesses and each exhibit individually that the

22  party intends to offer at trial.  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.

23

24      [8]   If there are no legal or equitable contentions, the title shall reflect only what is at issue.  The requirement in (b)(8) is

25  modified since a party only needs to state sufficient law to show viability of an issue.  But it must be clear whether precise federal or

26  state law governs.  If state law governs, the state whose law is applicable must be specified.  Since the governing law is stated in

27  conjunction with the elemental facts to establish a pled claim or defense, there is no need for a separate statement of disputed factual

28  issues required by (b)(4).  The relief sought, referenced in (b)(7), shall follow the issue or issues giving rise to that relief.

"Controversy", under which the parties' respective positions on the issue shall be stated.  The parties are warned that the "Factual, Legal and/or Equitable Contentions" section of the joint pretrial statement could be used to specify the issues preserved for trial in the pretrial order, and that order could issue without the Court holding the scheduled final pretrial conference.  See <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

        The parties are further warned that "since [the] process [of having them delineate trial issues] is designed to promote efficiency and conserve judicial resources, 'there is no reason to require that the elimination of non-trialworthy claims await a formal motion for summary judgment.'"  <u>Berkovitz v. Home Box Office, Inc.</u>, 89 F.3d 24, 29 (1st Cir. 1996).  <u>"If the pretrial [statement] discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the Court may summarily dispose of the case or issue</u>.  <u>Portsmouth Square v. Shareholders Protective Comm.</u>, 770 F.2d 866, 868-69 (9th Cir. 1985) (emphasis added).

        <u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.</u>

SETTLEMENT CONFERENCE

        No settlement conference is currently scheduled.  The parties shall address in their joint pretrial statement whether they wish to have a judge-assisted settlement conference.  If counsel wish the trial judge to act as settlement judge, written stipulations to this effect which waive the judge's disqualification from later acting

1 | as the trial judge must be filed prior to the scheduling of the
2 | settlement conference.  <u>See</u> L. R. 16-270(b).  If the parties wish to
3 | participate in Court-assisted settlement prior to the final pretrial
4 | conference, they should contact the Deputy Clerk.

5 | <u>TRIAL SETTING</u>

6 | Trial is set for April 17, 2007, commencing at 9:00 a.m.

7 | <u>MISCELLANEOUS</u>

8 | The parties are reminded that pursuant to Federal Rule of
9 | Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**
10 | **not be modified except by leave of Court upon a showing of good cause.**
11 | **Counsel are cautioned that a mere stipulation by itself to change**
12 | **dates does not constitute good cause.**

13 | IT IS SO ORDERED.
14 | Dated:  August 12, 2005

16 | /s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge